# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **8:03CR413** |
| **vs.** | |
| | **MEMORANDUM AND ORDER** |
| **JEFFREY RUSSO,** | |
| **Defendant.** | |

This matter is before the Court on Defendant's Motion to Reduce Sentence Under Section 404 of the First Step Act, ECF No. 125. He specifically "asks for a hearing at which he is present so that he may advocate for an appropriate new sentence under 18 U.S.C. § 3553(a)." *Id.*

Defendant Jeffrey Russo pled guilty to Count I (Conspiracy to Distribute Cocaine Base and Methamphetamine), Count II (Possession of and Brandishing of a Firearm During a Drug Trafficking Crime) and Count VI (Possession of a Firearm During a Drug Trafficking Crime) of a Superseding Indictment. He was sentenced on April 19, 2004, to a term of 262 months on Count I, 84 months on Count II, and 300 months on Count VI, to be served consecutively. Due to the Government's subsequent motions under Federal Rule of Criminal Procedure 35, his terms of incarceration were reduced to 43 months on Count I, 42 months on Count II, and 150 months on Count VI, to be served consecutively.

Pursuant to the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), and the Fair Sentencing Act, Pub. L. No. 111-220, 214 Stat. 2372 (2010), Russo's imprisonment range for Count I under the advisory United States Sentencing Guidelines is reduced from 262-327 months to 151-188 months. The First Step Act and Fair

Sentencing Act have no impact on Counts II and VI. Because the reduction he received on his sentence for Count I following the Government's motions under Rule 35 was roughly an 84-percent reduction from the sentence at the low end of the Guideline range, the Government supports a 13-month reduction in his term of imprisonment on Count I to a term of 30 months, which would reflect an 84-percent reduction from the low end of the new Guideline range.

The Court has reviewed the parties' arguments in their briefs, ECF Nos. 126 and 128, and concludes that nothing in the First Step Act or Fair Sentencing Act mandates a full resentencing with the Defendant present. First, nothing in the First Step Act *requires* a court to reduce a defendant's sentence. Second, by entertaining the Defendant's Motion, the Court is effectively applying the Government's earlier Rule 35 motions, ECF Nos. 49 and 71, to the Defendant's new Guideline range.[1] Third, the Court cannot conclude that the First Step Act anticipates a full re-sentencing with application of laws and Guidelines that have changed since a defendant's original sentencing, other than the retroactive application of the reduced penalties for crack cocaine set out in the Fair Sentencing Act. If the Court were to engage in such a re-sentencing, applying other laws and Guidelines that have been changed since Russo's original sentencing, it would work an injustice to offenders sentenced in the past who did not have a crack cocaine conviction qualifying for sentence reduction pursuant to the Fair Sentencing Act of 2010.

---

[1] Fed. R. Crim. P. 43(b) provides: "A defendant need not be present under any of the following circumstances: . . . (4) The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." Section 3582(c) provides: "A court may not modify a term of imprisonment once it has been imposed except that— . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]"

The Court also finds persuasive the Government's argument that a reduction of sentence pursuant to the First Step Act is analogous to a reduction of sentence under 18 U.S.C. § 3582(c)(2), based on a retroactive Guideline amendment, which does not require plenary resentencing. *See Dillon v. United States.*, 560 U.S. 817, 825-26 (2010).

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion to Reduce Sentence Under Section 404 of the First Step Act, ECF No. 125, is granted in part as follows: The Defendant's term of incarceration on Count I of the Superseding Indictment is reduced to a term of 30 months;

2. The Motion, ECF No. 125 is otherwise denied;

3. An amended judgment will be entered; and

4. The Clerk of Court is directed to provide the United States Marshal with a certified copy of this Order.

Dated this 20th day of March 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge